IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTFIELD HIGH SCHOOL L.I.F.E. CLUB; )
STEPHEN GRABOWSKI, by and through his )
parents, Edmund and Mary Etta Grabowski; )
TIMOTHY SOUZA and DANIEL SOUZA by and )
through their parents, Ralph and Diane Souza; )
SHARON SITLER and PAUL SITLER, by and )
through their parents, William and Denise Sitler; )
and DUSTIN COOPER, by and through his parents, )
Brian Cooper and Amy Turner-Cooper, )
                                                )
         Plaintiffs,                             )
                                                )
                                                )   Case No. 03 - 30008- KPN
         vs.                                     )
                                                )
WESTFIELD PUBLIC SCHOOLS; DR. THOMAS )
Y. McDOWELL, Individually and in his official )
capacity as Superintendent of Westfield Public )
Schools; and THOMAS W. DALEY, Individually )
and in his official capacity as Principal of Westfield )
High School, )
                                                )
         Defendants.                             )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO WAIVE POSTING SECURITY TO OBTAIN A PRELIMINARY INJUNCTION

COME NOW the Plaintiffs, WESTFIELD HIGH SCHOOL L.I.F.E. CLUB; STEPHEN GRABOWSKI, by and through his parents, Edmund and Mary Etta Grabowski; TIMOTHY SOUZA and DANIEL SOUZA by and through their parents, Ralph and Diane Souza; SHARON SITLER and PAUL SITLER, by and through their parents, William and Denise Sitler; and DUSTIN COOPER, by and through his parents, Brian Cooper and Amy Turner-Cooper, (hereinafter "Plaintiffs"), and file this Memorandum in Support of Plaintiffs' Motion to Waive Posting Security to Obtain a Preliminary Injunction.

Federal Rule of Civil Procedure 65(c) provides that no restraining order or preliminary injunction shall issue except upon the posting of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. Under this rule, this Court has the discretion to determine the necessity of posting security and the amount thereof. *See Pharmaceutical Society of State of New York, Inc. v. New York State Dep't. of Social Services*, 50 F.3d 1168, 1174-75 (2d Cir. 1995); *State of Alabama ex. rel. Siegelman v. U.S. E.P.A.*, 925 F.2d 385 (11th Cir. 1991); *Jeffreys v. My Friend's Place*, 719 F. Supp. 639 (M.D. Tenn. 1989); *People of State of California ex. rel. Van De Kamp v. Tahoe Regional Planning Agency*, 775 F.2d 998 (9th Cir. 1985).

In exercising its discretion, the Court should be guided by the likely harm to the party enjoined, *Temple Univ. v. White*, 941 F.2d 201 (3d Cir. 1991); *Plane v. U.S.*, 750 F. Supp. 1358 (W.D. Mich. 1990); the ability of the plaintiffs to post security, *J.L. v. Parham*, 412 F. Supp. 112 (D.C. Ga. 1983), *reversed on other grounds*, 442 U.S. 584; *Orantes-Hernandez v. Smith*, 541 F. Supp. 351 (S.D. Cal. 1982); *Brookins v. Bonnell*, 362 F. Supp. 379 (D.C. Pa. 1973); the potential effect on the plaintiff of being unable to post security, *Miller v. Carlson*, 768 F. Supp. 1331 (N.D. Cal. 1991); *Governing Council of Pinoleville Indian Community v. Mendocino County*, 684 F. Supp. 1042 (N.D. Cal. 1988); and the interest of the public in waiving the security requirement. *See Oliver v. Kalamazoo Bd. of Educ.*, 526 F. Supp. 131 (W.D. Mich. 1981).

In *Brookins*, 362 F. Supp. 379 (D.C. Pa. 1973), the district court refused to require an indigent student to post security prior to entering an order reinstating a student to the community college. The court reasoned that the defendant in *Brookins* would not suffer any harm if the injunction were later vacated.

In this case, Plaintiffs are represented by a nonprofit public interest organization, Liberty Counsel, to uphold their constitutional rights. Posting security would work an undue hardship upon Plaintiffs because they do not have the financial means to post any amount of security. (*See* Affidavit attached to Plaintiffs' Motion to Waive Posting Security, Exhibit A).

Moreover, imposition of an injunction would not cause any harm to Defendants if later vacated. The injunction would merely serve to allow Plaintiffs the opportunity to exercise their constitutional rights pending the outcome of this action. Defendants would not be harmed in any fashion by the injunction, because allowing Plaintiffs to exercise their rights would not entail any expenditure of funds. *See Bivens v. Bd. of Public Educ. and Orphanage for Bibb County*, 284 F. Supp. 888 (D.C. Ga. 1967).

Requiring Plaintiffs to post security prior to obtaining a Preliminary Injunction would effectively deny Plaintiffs access to judicial review for the deprivation of their constitutional rights. The potential for denying Plaintiffs access to judicial review for the redress of their constitutional rights warrants the Court waiving the posting of security. *See Miller v. Carlson*, 768 F. Supp. 1331 (N.D. Cal. 1991); *Governing Council of Pinoleville Indian Community v. Mendocino County*, 684 F. Supp. 1042 (N.D. Cal. 1988). In *Oliver v. Kalamazoo*, 526 F. Supp. 131 (W.D. Mich. 1981), the district court waived the security requirement because of the public interest in enjoining racial discrimination.

The present case involves violations of Plaintiffs' constitutional rights to free exercise of religion and equal protection. These rights have repeatedly been recognized as some of the most important rights guaranteed by the United States Constitution. Given the importance of the public interest in preventing unconstitutional abridgements of Plaintiffs' rights to free exercise of religion and equal protection, the public interest would best be served by the Court waiving the requirement that Plaintiffs post security.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully request this Court to enter an Order waiving the requirement of posting security prior to obtaining a Preliminary Injunction.

DATED this 9th day of January, 2003.

Respectfully Submitted,

*/s/ Erik W. Stanley*

Mathew D. Staver
 Florida Bar No. 0701092
 (Lead Trial Counsel)
 Erik W. Stanley
 Florida Bar No. 0183504
 Joel L. Oster
 Kansas Bar No. 18547
 Anita L. Staver
 Florida Bar No. 0611131
 LIBERTY COUNSEL
 210 East Palmetto Avenue
 Longwood, FL 32750
 Telephone: (407) 875-2100
 Telefacsimile: (407) 875-0770
 Attorneys for Plaintiffs

Mr. Bertin C. Emmons
 BBO 154200
 (Local Counsel)
 38 Humphrey St
 P.O. Box 890218
 Weymouth MA 02189
 Telephone: (781) 682-2336
 Attorney for Plaintiffs